# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ELADIO RIVAS-RIVERA,<br>　　　　　　　Defendant. | Case No. MJ18-5164<br><br>DETENTION ORDER |

　　　THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

　　　The Court will not consider either the probability of removal due to immigration proceedings, or an immigration detainer. *United States v. Santos-Flores,* 794 F.3d 1088, 1092(9th Cir. 2015).

　　　The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of flight based on the defendant's history of repeated criminal conduct concerning evading the immigration laws of the United States and using different aliases, and he has a history of failing to appear for court with bench warrants being issued. Dkt. 3, Pretrial Report at 4-8.

　　　The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community. The defendant has a prior convictions involving domestic violence, and the defendant's violent conduct has repeatedly been directed toward persons with whom he is in a close relationship, as well as others in the community, as demonstrated by his most recent domestic violence conviction for Assault in the Second Degree with a Deadly Weapon, and two counts of Malicious Mischief in the Third Degree, in Thurston County Case No. 17-1-00719. Dkt. 11, Government's Exhibit 1, Declaration of Prosecutor Supporting Probable Cause, at 1-3; Dkt. 3, Pretrial Services Report at 4-9. He has three no-contact orders currently in effect. Dkt. 3 at 7.

　　　Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for failure to appear, flight to avoid prosecution, or repeated behavior of evading the United States immigration laws; and his criminal history of repeated domestic violence convictions, and three currently effective no-contact orders also shows that he has not demonstrated law abiding behavior in the community. All of this criminal history, and currently effective no-contact orders, convince the Court that his threat to the community continues and his behavior cannot be successfully controlled, even considering his ties to the community and the residence for pretrial release that the defendant proposed.

　　　Although the defendant has substantial ties to the community where he resides, the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The defendant's history of domestic violence shows that he repeatedly acts violently toward persons with whom he has a close relationship. The defendant's proposed placement, to live with a friend that he has known for many years, Dkt. 3 at 3, would not be a safe situation for the friend, or for the community in which the residence is located. In addition, the friend, Ms. Motta, has a criminal history that includes domestic violence and bail jumping. Dkt. 3 at 2-3.

This finding is based on 1) the nature and circumstances of the offense(s) charged, 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**June 29, 2018**

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge